Etkin v Sherwood Residential Mgt. LLC (2026 NY Slip Op 01301)

Etkin v Sherwood Residential Mgt. LLC

2026 NY Slip Op 01301

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Index No. 655734/21|Appeal No. 6047-6048-6049|Case No. 2024-06940, 2025-00879, 2025-02561|

[*1]William Etkin, Plaintiff-Appellant,
vSherwood Residential Management LLC, et al., Defendants-Respondents, The 500 West 21st Street Condominium, Nominal Defendant. 

Davidoff Hutcher & Citron LLP, New York (Gary I. Lerner of counsel), for appellant.
Fleischner Potash LLP, New York (Evan A. Richman of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about October 22, 2024, which granted the motion of defendants Sherwood Residential Management LLC and The Board of Managers of the 500 West 21st Street Condominium (the Board) and nominal defendant The 500 West 21st Street Condominium for summary judgment dismissing the first, third, and fifth causes of action in the complaint, unanimously modified, on the law, to deny the motion to the extent that plaintiff's first and third causes of action allege derivative breach of contract claims in connection with defendants' obligations to repair outdoor balconies appurtenant to units 7A and penthouse unit A, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about January 29, 2025, which denied plaintiff's motion to renew, unanimously modified, on the law, to grant the motion to the extent indicated herein, and otherwise affirmed, without costs. Order, same court and Justice, entered April 11, 2025, which denied plaintiff's further motion for leave to renew, and granted defendants' cross-motion for sanctions, unanimously modified, on the law, to grant plaintiff's motion to the extent indicated herein, deny defendants' cross-motion for sanctions, and otherwise affirmed, without costs.
Plaintiff owns unit 7A in a condominium building, which he purchased in 2015 around the time the condominium conversion was completed. Nominal defendant 500 West 21st Street Condominium owned the building, which is operated by defendant Board and managed by defendant Sherwood. The principal of the nonparty sponsor purchased penthouse unit A (PH-A) via a property holding entity. Plaintiff's rights as a unit owner are controlled by various condominium documents, including the declaration, offering plan, by-laws, and house rules (collectively, the governing documents).
Plaintiff alleges that construction defects to PH-A's outdoor balcony, located directly above his unit, caused water leaks and damage to his outdoor balcony. Plaintiff also alleges that unspecified construction defects allowed smoke from fireplaces used in other units to enter his unit, causing unsafe levels of toxic chemicals, which he personally measured with the use of air monitoring kits. Plaintiff repeatedly requested that defendants rectify these smoke and water leak problems at the condominium's sole cost and to his satisfaction. Before and during the pendency of this action, plaintiff also filed complaints with the New York City Department of Buildings (DOB), the Department of Housing Preservation and Development (HPD), and other municipal agencies complaining about the balcony and smoke issues. In some instances, upon agency inspections, violations were issued.
Contrary to the motion court's finding, plaintiff did not lack standing to bring a derivative claim for breach of contract against Sherwood. The parties agree that the balconies at issue are defined in the governing documents as "Residential Limited Common Element[s]" and are part of the broader common elements of the building. Plaintiff acknowledged in his opposing memorandum that the condominium, not plaintiff, owned his unit's balcony. Thus, plaintiff appropriately brought a derivative claim on behalf of the condominium and its unit owners for alleged defects in the balconies (see Davis v Prestige Mgt. Inc., 98 AD3d 909, 910 [1st Dept 2012]).
Further, plaintiff's first cause of action pertaining to the balcony repair issue is supported by evidence — including photographs, deposition testimony, expert inspections of the relevant balconies, and open violations issued by the DOB and HPD — that raises triable issues of fact concerning whether Sherwood fulfilled its contractual maintenance obligations to the condominium (see Owens v New Empire Corp., 244 AD3d 454, 456 [1st Dept 2025]; see also Caprer v Nussbaum, 36 AD3d 176, 190 [2d Dept 2006]).[FN1]
For the same reasons, to the extent plaintiff's third cause of action also alleged a derivative claim for breach of contract against the Board for not properly performing its contractual maintenance/repair responsibilities for the condominium, that claim should not have been dismissed (see Calderoni v 260 Park Avenue S. Condominium, 220 AD3d 563, 564 [1st Dept 2023]).
However, the motion court properly dismissed the part of plaintiff's derivative claims for breach of contract by Sherwood (the first cause of action) and the Board (the third cause of action) that were premised on plaintiff's claims regarding fireplace smoke, from active fireplaces in other units, infiltrating his unit 7A and certain common elements of the building. Plaintiff's evidence submitted in support of this portion of the derivative claims showed only that a smoke issue existed but otherwise relied on speculation as to whether defendants breached a contractual maintenance or repair obligation in connection with the smoke issue. Thus, plaintiff failed to raise any triable issues of fact as to the smoke-related allegations of the first and third causes of action.
Plaintiff's fifth cause of action, asserting a claim for nuisance in his individual capacity as against the Board [FN2], was properly dismissed by the motion court. The private nuisance claim relating to the balconies is based on the Board's obligation pursuant to the governing documents to perform "extraordinary" maintenance or repair to plaintiff's balcony and is duplicative, "as 'the facts which form the basis of the nuisance claim stem entirely from the Board's contractual obligations' to make repairs" (id. at 564 [internal citation omitted]).
Regarding plaintiff's allegations that a nuisance smoke issue was caused by the building's common HVAC system, plaintiff lacks standing to bring a claim alleging injury due to a common element. To the extent plaintiff also alleges that the smoke issue may be attributable to fireplaces, flues, and HVAC systems in other individual units, the governing documents provide that unit owners are responsible for the maintenance and repair of such equipment; thus, plaintiff's recourse for those claims would lie against individual unit owners, not defendants in this case.
Plaintiff's two motions to renew based on newly issued DOB violations related to ongoing water damages that affected the subject balconies were pertinent to the derivative claims and warranted consideration, particularly considering defendants' pending dispositive motion and prior evidence submitted that indicated increasing deterioration to unit PH-A's balcony (see CPLR 2221[e][2], [3]). Therefore, plaintiff's motions to renew were not frivolous (see 22 NYCRR 130-1.1), and defendants' cross-motion for sanctions should have been denied. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026

Footnotes

Footnote 1: The issues raised include: whether the waterproof membrane called for in the balcony plans is in place and intact in unit PH-A, whether the water issue implicates the structural soundness of unit PH-A's balcony, and whether maintenance work required on the subject balconies may be deemed to be "ordinary" or "extraordinary" in terms of maintenance and repair, as those terms are employed in the condominium's governing documents (by-laws, art 5, § 5.1[A][iv]).

Footnote 2: The motion court (Ostrager, J.) previously dismissed plaintiff's fifth cause of action as against Sherwood.